UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

BENJAMIN J. ASHMORE, SR.,

         Plaintiff,

- versus -

ERIC I. PRUS; KELLY L. ASHMORE;THE PRESIDING JUDGES OF THE FIRST, SECOND, THIRD AND FOURTH DEPARTMENTS OF THE APPELLATE DIVISION OF THE APPELLATE DIVISION OF THE SUPREME COURT OF THE STATE OF NEW YORK; and THE CHIEF JUDGE OF THE STATE OF NEW YORK,

         Respondent.

ORDER
13-CV-2796(JG)

JOHN GLEESON, United States District Judge:

    Plaintiff Benjamin Ashmore, proceeding *pro se*, brings this action against judges of the state of New York and the mother of his children, Kelly Ashmore, alleging that the procedure utilized during a state-court child custody determination to which he was a party violated his rights under the United States Constitution. Ashmore seeks declarations concerning the use and admissibility of testimony of court-appointed forensic experts in New York state custody actions and the reversal of two state court orders: the court order awarding custody of his children to their mother, Kelly Ashmore; and the order in which defendant Eric Prus prohibited plaintiff from filing any further submissions in *Ashmore v. Ashmore*, Supreme Court for the State of New York, County of Kings, Index No. 37380/2007. Though I previously set a briefing schedule for a motion to dismiss by defendant Eric Prus, upon further reflection I see no need for motion practice. For the reasons set forth below, that scheduled is cancelled and the action is dismissed.

BACKGROUND

    Ashmore previously filed a civil rights complaint, *Ashmore v. Prus*, *et al.*, 12-CV-3032 (JG), seeking, *inter alia*, an order from this court that would directly interfere with the state-

court custody determination. He argued in that case that the state court violated his due process rights by admitting hearsay statements contained within the testimony of the forensic expert, Dr. Wilma Cohen Lewis. But for this constitutional violation, he argued, he would not have lost custody of his children. By Order dated June 25, 2012, I dismissed Ashmore's complaint for lack of subject matter jurisdiction and on the ground that the defendant judges are immune from suit. By mandate issued April 30, 2013, the Second Circuit affirmed the dismissal and stated the following regarding plaintiff's challenge to the admission of hearsay statements of the forensic expert in the state court custody proceeding:

> To the extent Ashmore seeks injunctive or declaratory relief pertaining to the admission of specific testimony in the state custody proceedings to which he was a party, his claims are barred by collateral estoppel. Under 28 U.S.C. § 1738, we must give state court judgments whatever preclusive effect the courts of that state would give them, *see Allen v.McCurry*, 449 U.S. 90, 96 (1980) (applying collateral estoppel from a state court judgment to a federal § 1983 claim), and New York "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party, whether or not the tribunals or causes of action are the same." *Parker v. Blauvelt, 14 Volunteer Fire Co., Inc.*, 93 N.Y.2d 343, 349 (1999) (alteration omitted). To the extent Ashmore seeks injunctive or declaratory relief pertaining to the admission of evidence in New York State custody proceedings other than those described in his complaint, Ashmore lacks standing. He has alleged no real or immediate threat that hearsay testimony other than that already specifically deemed admissible by the New York courts will be introduced against him in future proceedings. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983). If Ashmore does find himself in another proceeding in which the opposing party seeks to submit hearsay testimony from an expert witness, he is free to raise his due process argument at that time.

Despite the Second Circuit's admonition, Ashmore repeats the same claim in the instant action. He alleges that he can bring this claim because in a pending state court malpractice action he filed against the doctor who testified at the state-court child custody proceedings, he has obtained "new evidence," which he seeks to raise in order to vacate the state-court custody decision and order. Ashmore has tried to raise this new information in state court, but he was thwarted by a

May 14, 2010 prohibiting him from filing a motion or order to show cause without prior approval of Judge Prus.  Compl., Ex. A at pg. 2.  On May 8, 2013, Judge Prus refused to allow the filing of plaintiff's motion to vacate the judgment. Compl. at 15.

This complaint followed.  Plaintiff seeks an order from this Court "enjoining the defendants from prohibiting the plaintiff from lawfully filing applications in the action *Ashmore v. Ashmore*;  reversal of the state court custody determination and an injunction against the use of hearsay testimony by an expert witness in a New York state-court custody determination without the opportunity to cross-examination of the expert witness.

## DISCUSSION

In reviewing plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Even if a plaintiff has paid the filing fee, a district court may dismiss the case *sua sponte* if it determines that the action is frivolous.  *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *see Mallard v. United States District Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) [of Title 28], for example, authorizes courts to dismiss a 'frivolous or malicious' action, *but there is little doubt they would have power to do so even in the absence of this statutory provision*." (quoting 28 U.S.C. § 1915(d) (1989)[1] (emphasis added). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir.1999) (quoting *Neitzke v. Williams*, 490 U.S.

---

[1] At the time of the *Mallard* decision, 28 U.S.C. § 1915(d) read: "The court . . . may dismiss the case . . . if satisfied that the action is frivolous or malicious." The statute was amended in 1996 to make dismissal mandatory rather than permissive and move the dismissal provision to subsection (e)(2)(B), which now reads: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B), *as amended by* Omnibus Consolidated Rescissions and Appropriations Act of 1996, § 804(a), Pub. L. 104-134, 110 Stat. 1321 (1996).

319, 325, 327, (1989)); *see also, Jolley v. Chatigny*, No. 04-Cv-182 (CFD), 2004 WL 306116, at *2 (D.Conn. Feb.12, 2004) (stating that, when it is clear that the defendants are immune from suit, a dispositive defense appears on the face of the complaint, and the action can be dismissed as frivolous). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have [a] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Fitzgerald*, 221 F.3d at 364. A cause of action is properly deemed frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . ., or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

This action is frivolous because, except for the mother of his children,[2] all of the defendants named in the Ashmore's complaint are clearly immune from suit. *See Montero*, 171 F.3d at 760.

First, New York State is immune from this action. The Eleventh Amendment provides sovereign immunity to unconsenting states sued in federal court. U.S. Const. amend. XI; *Quern v. Jordan*, 440 U.S. 332 (1979). This immunity applies to unconsenting States in suits "brought in federal courts by her own citizens as well as by citizens of another State." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993), and bars cases whether the relief sought is legal or equitable. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984).

Second, state court judges have judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity is an absolute immunity from suit, not just from the ultimate assessment of damages, and it can only be overcome in two sets of circumstances: "First, a judge is

---

[2] While not immune, Kelly Ashmore, a private party, is not a proper party to a civil rights complaint under 42 U.S.C. § 1983. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982) (affirming dismissal of § 1983 claim because defendants not state actors); *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978) (§ 1983 reaches only deprivations of rights by persons acting under color of law).

not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 11-12. "The Supreme Court has established a two-prong test to determine whether an act is 'judicial.'" *Barrett v. Harrington* 130 F.3d 246, 255 (6th Cir.1997) (cited with approval in *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2004)). First, the Court must consider whether the function is "normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Second, the court must assess whether the parties dealt with the judge in his or her judicial capacity. *Id*.

In this case, the allegedly unconstitutional actions were undertaken by defendants in the course of presiding over the state-court custody action, *Ashmore v. Ashmore,* Index No. 37380/2007 (trial); *Ashmore v. Ashmore*, Docket No. 2011-06388 (Appellate Division, Second Department); *Ashmore v. Ashmore*, 2012-490 (Court of Appeals, motions seeking leave to appeal). Making evidentiary rulings is a paradigmatic judicial function. Moreover, at all times relevant to this action, plaintiff was appearing before defendants in their capacity as the judges presiding over the state-court child custody action. Finally, the defendants were acting within their jurisdiction as a Justice of the Supreme Court of the State of New York (Eric Prus), Justices of the Appellate Divisions and the Chief Judge of the State of New York. Accordingly, the doctrine of judicial immunity applies to this action.

The fact that plaintiff seeks only declaratory relief in this action does not alter defendants' entitlement to immunity to this action. Although the doctrine of judicial immunity does not bar a claim for prospective declaratory or injunctive relief against a judicial officer acting in his judicial capacity, *Pulliam v. Allen*, 466 U.S. 522, 542–43 (1984), Congress statutorily provided for such immunity by amending 42 U.S.C. § 1983 to provide that "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. §

5

1983, *as amended*, by Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104–317, 110 Stat. 3847 (1996).

Ashmore's complaint does not allege that a declaratory decree was ever entered or allege facts suggesting that declaratory relief was unavailable. "Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *LeDuc v. Tilley*, No. 05-CV-157 (MRK), 2005 WL 1475334, at *7 (D.Conn. June 22, 2005) (citing cases).

Moreover, as stated in the Second Circuit's mandate issued in plaintiff's prior action and quoted above, to the extent plaintiff seeks injunctive or declaratory relief pertaining to the admission of specific testimony in the state custody proceedings to which he was a party, his claim is barred by collateral estoppel:

> Under 28 U.S.C. § 1738, we must give state court judgments whatever preclusive effect the courts of that state would give them, *see Allen v.McCurry*, 449 U.S. 90, 96 (1980) (applying collateral estoppel from a state court judgment to a federal § 1983 claim), and New York "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party, whether or not the tribunals or causes of action are the same." *Parker v. Blauvelt,* 14 *Volunteer Fire Co., Inc.*, 93 N.Y.2d 343, 349 (1999) (alteration omitted).

For the reasons stated by the Second Circuit, this claim is barred by collateral estoppel.

Finally, under Article III of the United States Constitution, federal courts have jurisdiction only over "cases" and "controversies." U.S. Const., art III, § 2; *Allen v. Wright*, 468 U.S. 737, 750 (1984). Article III doctrine requires a litigant to have "standing" to invoke the power of a federal court. *Id.* Ashmore alleges no facts which afford him standing to bring this action.

To the extent Ashmore seeks injunctive or declaratory relief pertaining to the admission of evidence in New York State custody proceedings other than those described in his complaint, Ashmore lacks standing. He has alleged no real or immediate threat that hearsay testimony other than that already specifically deemed admissible by the New York courts will be

6

introduced against him in future proceedings. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (an injunction is generally "unavailable . . . where there is no showing of any real or immediate threat that the plaintiff will be wronged again.").[3] Plaintiff's argument that the landscape has shifted since the filing of his prior complaint, specifically that various newspaper articles have been written about New York's state custody proceedings employing forensic experts, that he is still dissatisfied with the custody determination and that his acquisition of information he alleges will alter the decisions made by the state court, are unpersuasive. Since I find that Ashmore has failed to allege a basis for standing, I do not have subject matter jurisdiction to hear this case. *See In re United States Catholic Conference*, 885 F.2d 1020, 1023 (2d Cir. 1989) ("when a plaintiff lacks standing to bring suit, a court has no subject matter jurisdiction over the case").

Accordingly, the complaint is dismissed in its entirety as frivolous, for lack of subject matter jurisdiction and because the defendant judges are immune from this action. Plaintiff's motions to file electronically and to file Appendix A under restriction are denied. Although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: June 19, 2013
       Brooklyn, New York

---

[3] The Court reviewed the United States Supreme Court's recent opinion *Chafin v. Chafin*, 568 U.S. ___, 133 S.Ct. 1017, 1028, 185 L.Ed.2d 1 (2013) cited by plaintiff, Complaint at 2, in rendering this opinion. However, *Chafin* does not present an intervening change in the law relevant to this Court's decision as *Chafin* focused on whether the return of a child to a foreign country pursuant to a Convention return order does not render an appeal of that order moot. *Id*.